593 P.2d 695

**MOBILE DISCOUNT CORPORATION, an Arizona Corporation, Plaintiff-Appellant,**

v.

**APACHE TRAILER SALES, INC., an Arizona Corporation, and Leonard Sobel and Marian Sobel, husband and wife, Defendants-Appellees.**

No. 2 CA–CIV 3033.

Court of Appeals of Arizona, Division 2.

March 29, 1979.

Beaman, Knuck, Gallup & Wright by Theodore Knuck, Tucson, for plaintiff-appellant.

Schorr, Leonard & Felker, P. C. by Franklin O. Eldridge, Tucson, for defendants-appellees.

OPINION

HOWARD, Judge.

This is an appeal from a summary judgment. The determinative issue is whether

a sales contract entered into between the buyer of a mobile home and the seller, Apache Trailer Sales, Inc. (Apache), created a security interest in the furniture that was supposed to be in the mobile home. We hold that it did and reverse.

The facts considered in the light most favorable to appellant are as follows. Appellant, Mobile Discount Corporation (MDC), had a written dealer agreement with Apache which provided that MDC would from time to time purchase from Apache contracts evidencing time sales of mobile homes. In 1973, Jean Marquardt signed a purchase order for a mobile home from Apache. It provided that the mobile home was to be " . . . completely furnished including furniture, carpets, drapes and appliances." Two days later she signed the sales contract. This contract described her purchase as a mobile home " . . . complete with furniture, appliances, attachments and equipment . . .." The front page of the contract also stated:

> "Buyer . . . as security therefor grants to Seller a security interest in said Mobile Home and all *attachments* and *equipment* thereon or hereafter added thereto. . . . " (emphasis added)

On the reverse side of the contract were additional terms. Under paragraph one of those terms the parties agreed that the word "goods" when used in the contract meant " . . . the mobile home described above and all parts, accessories, *furnishings* and equipment whether or not described above, now or hereafter placed thereon or therein or attached thereto . . . " (emphasis added). Under paragraph two the buyer granted to the seller and any assignee " . . . a security interest in and lien on . . . the *goods* described on the reverse side." (emphasis added).

On the day the contract was signed by Marquardt, Apache assigned all of its interest in the contract to MDC. Four years later, Marquardt defaulted in her payments to MDC. MDC repossessed the mobile home and discovered that it had not been furnished as stated in the purchase order and in the contract.

MDC sued the appellees and Marquardt. Counts I and II of its complaint were directed against appellees. Count I alleged that because it was necessary for MDC to expend $1,307.55 to furnish the mobile home, appellees breached their dealer's agreement with MDC. Count II alleged fraud based on appellees' failure to furnish the mobile home as provided in the purchase order and contract.

Counts III and IV were directed against Marquardt. They alleged conversion of the furniture and breach of contract based on her failure to make the payments. Marquardt answered the complaint, denying any conversion. She counterclaimed based on MDC's method of disposing of the mobile home and cross-claimed against appellees alleging that she bought the mobile home in an unfurnished condition and that the appellees, without her consent or knowledge, altered the purchase order to include furniture, drapes, and appliances.

MDC and Marquardt later stipulated to a dismissal of the complaint against Marquardt and the dismissal of her counterclaim. Appellees and Marquardt then stipulated to a dismissal of the cross-claim.

Appellees made a motion to dismiss, or in the alternative, a motion for summary judgment. The ground for this motion was that MDC did not have a security interest in any furniture because the granting of the security interest on the front page of the contract referred only to "attachments" and "equipment" and made no reference to furniture. The trial court granted the motion.[1]

The front of the contract must be read in conjunction with the additional terms in order to determine the security interest that Apache held and assigned to MDC. When that is done, it is clear that a security interest was created in the furniture.

---

1. The order did not specify whether it granted the motion to dismiss or the motion for summary judgment.

Paragraph two of the additional terms grants a security interest in the goods described on the reverse side. Under paragraph one of the additional terms, "goods" includes "furnishings". The word "furnishings" means furniture. *Gamewell Co. v. City of Phoenix*, 216 F.2d 928, 933 (9th Cir. 1954); *Swisher v. Clark*, 202 Okl. 25, 209 P.2d 880 (1949). The "goods" described on the front is a mobile home complete with furniture, appliances, attachments and equipment. If there was in fact any furniture, MDC had a security interest in it by virtue of the assignment of the contract.

The judgment is reversed and the cause remanded for further proceedings.

RICHMOND, C. J., and HATHAWAY, J., concurring.